IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**BARON SHANKLIN, #12017-042**                                    **PETITIONER**

**VERSUS**                                        **CIVIL ACTION NO. 5:07-cv-26-DCB-MTP**

**CONSTANCE REESE, et al.**                                        **RESPONDENTS**

ORDER

This court finds that the United States Court of Appeals for the Fifth Circuit has issued a mandate in *Tischendorf v. Van Buren*, No. 07-11262 (5th Cir. Sept. 12, 2008). Therefore, this case is no longer stayed and this court will continue its review of this petition for habeas relief.

Additionally, this court finds that since the filing of this petition, Congress passed the Second Chance Act of 2007, Pub. L. 110-199, Title II, § 251(a), 122 Stat. 692 (Apr. 9, 2008), which amends 18 U.S.C. § 3624(c) to increase placement in a Community Corrections Center or Residential Re-entry Center to 12 months, and requires the BOP to make placement decisions on an individual basis consistent with the criteria set forth in 18 U.S.C. § 3621(b). Petitioner will be provided an opportunity to address the effect of the Second Chance Act on the instant habeas petition, including but not limited to the mootness of his claims. *See Calderon v. Moore,* 518 U.S. 149 (1996)(per curiam)(dismissing case as moot because the relief sought had been granted); *American Med. Ass'n v. Bowen*, 857 F.2d 267, 270 (5th Cir.1988)(dispute resolved because of changed circumstances considered moot). Accordingly, it is

ORDERED:

1. That the stay issued in this case on January 9, 2008, is lifted, and this case is no longer stayed.

2. That within twenty days from the date of this order Petitioner shall file a written

response stating why his petition for habeas relief should not be dismissed as moot in light of the Second Chance Act of 2007, Pub. L. 110-199, Title II, § 251(a), 122 Stat. 692 (Apr. 9, 2008) or Petitioner may file a notice of voluntary dismissal.

3. Petitioner is warned that his failure to timely comply with any order of this court or his failure to keep this court informed of his current address will result in the dismissal of this case.

SO ORDERED, this the    9th    day of    October    , 2008.


             s/ David Bramlette
             UNITED STATES DISTRICT JUDGE